IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| Laura Gaynette Price, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | _____ |
| | : | |
| DeVry University, Inc. | : | |
| | : | **JURY DEMANDED** |
| | : | |
| Defendant. | : | |

_____

COMPLAINT OF DISCRIMINATION
_____

COMES NOW the Plaintiff, Laura G. Price (hereinafter "Price or "Laura Price"), by and through counsel, and for cause of action respectfully states and would show unto the Court the following:

JURISDICTION AND VENUE

1.      This cause of action arises under provisions of the Age Discrimination Employment Act, 29 U.S.C. § 621 et. al. of 1967 (ADEA).  This cause of action arises under provisions of Title VII of the Civil Rights Act of 1991, and 1964, as amended, 42 U.S.C. §2000 et. seq..  This Court has jurisdiction of this action under and pursuant to 28 U.S.C. §§1331 and 1343 and provisions of 42 U.S.C. §2000e-5.  Plaintiff brings this claim for discrimination based upon age, race,  hostile work environment, harassment and retaliation.  Plaintiff additionally brings this Complaint of pendent state claims against the Defendant, DeVry University Inc. (hereinafter "DeVry University") for discrimination in violation of the Tennessee Human Rights Act, T.C.A. Section 4-21-101 et. seq, and more

particularly Section 4-21-301.

The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights under federal and state law providing relief against discrimination based upon age, race, hostile work environment, harassment and retaliation. The willful and wrongful conduct giving rise to the cause of actions occurred within the territorial juridiction of this Court, and venue is properly laid in this Court under 28 U.S.C. §1391.

2. The Plaintiff, Laura Price, is presently 68 years of age and a white female, who is a citizen of the United States and a resident citizen of Shelby County, Tennessee.

3. Defendant, DeVry University is a corporation operating a business at 6401 Poplar Avenue, Suite 600, Memphis, TN 38119. DeVry University is a corporation licensed to do business in Tennessee. They are a proprietary for profit higher education organization opened to the public. Price worked at the office located at 6401 Poplar Ave, Suite 600, Memphis, TN 38119. Defendant's home office is located at 3005 Highland Parkway, Downers Grove, IL 60515. Defendant's agent for service of process is CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929.

ADMINISTRATIVE PROCEEDINGS

4. Laura Price timely filed a Charge of Discrimination, Charge No. 490-2010-02974 with the Equal Employment Opportunity Commission (hereinafter "EEOC") on September 24, 2010 based upon age. (attached hereto as Exhibit I). An amended Charge of Discrimination was filed on May 16, 2011, based upon race and age. (attached hereto as Exhibit II).

Laura Price filed a Charge of Discrimination, Charge No. 490-2011-01724 with EEOC against Defendant, DeVry University, stating that they discriminated against her

2

based on retaliation. (attached hereto as Exhibit III is the Charge of Discrimination Charge No. 490-2011-01724).

Plaintiff has exhausted her administrative remedies, and this Complaint of Discrimination is timely filed pursuant to such notices that she received from the EEOC. (The Dismissal And Notice of Right letters from the EEOC office are attached hereto as Exhibit IV for Charge No. 490-2010-02974 and Charge No. 490-2011-01724).

## ALLEGATIONS OF FACTS

5. At all times pertinent to this cause of action, Price was an employee of DeVry University, who employs fifteen or more employees for each working day in each of twenty of more calendar weeks in the current or preceding calendar year and were engaged in interstate commerce or were agents of such a person or entity constituting and "employer" as the term is defined by statute.

6. Price commenced her empleyement with DeVry University on or about September 26, 1994 as a full time field representative. Price worked continuously full time in various positions at DeVry until she was wrongfully and unjustly terminated on August 20, 2010. At the time Price was terminated she was working at the Memphis Campus for DeVry University in the position of senior admissions advisor. At all times pertinent to this cause of action, Price was an "employee" of DeVry University as defined by law.

7. Price is a member of the white race and at the time the discriminatiing acts took place she was over 40 years of age. Plaintiff was 66 years of age when terminated.

8. During Price's employment with the DeVry, she was discriminated against, with respect to the terms, conditions and/or privileges of her employment because of her

3

age, race (white), hostile work environment, harassment, and retaliation.

9. Laura Price was subjected to continious derogatory comments regarding Prices age during her employment by the campus director,/supervisor Sheila Kell. These derogatory and discriminatory comments were made openly during meetings, hallways and elevators; to wit; in front of other co-workers and students. Other co-workeers would come to Price and try to comfort her after these derogatory comments were made. Price was told by Sheila Kell, director/suervisor that Price was too slow, that she was like her mother even though her mother was younger than Price, and that her Mother had not learned anything new in the past 30 years, and that Kell could not believe how old Price was, that Price's "old age" explained a lot, that Price's comments were dumb and stupid, as usual, and that DeVry is going to leave employees like Price behind.

10. Price applied for assistant director of admission of DeVry, career services position on February 3, 2010. Price was not interviewed for the position. The position was filled by a black female less than 40 years of age. Plaintiff was more qualified that the hiree. Plaintiff was denied the promotion.

11. Price was the only white senior admissions advisor and was the only one over 40 years of age, all of the other admission advisors were black and under the age of 40.

12. Just prior to being terminated Price received a bonus for her achievements.

13. All admission employees and Plaintiff's manager/, supervisor Kimberly Nichols were balck. Price was harassed on a daily basis and restrictions were placed on Price's day to day work activities that were not placed upon the black admission employees. She was treated differently than the black employees similarly situation. Price

4

was denied request for time off, request for vacation, and request for doctor follow up visits. The balck admission advisors were provided with twice as many new prospect student leads that Price, which meant more compensation and job security for the black females. However, the other Admissions and advisors were treated with flexibility, praise and appreciated.

14. Price returned from a medical leave on May 19, 2010. When Price returned Oracle Operating System had been replaced by Sales Force and Viper Systems. On May 20, 2010 Price asked her supervisor, Kimberly Nichols about training on the new system, and she replied that "no one had training, everyone just figured it out." However, April Harris, a black admission advisor, told Price that she had gone to DeVry in Nashville, TN. for a two day training on the new system. Other employees had extensive, training in Chicago, Ilionis, ( the home office) or at other locations. All other employees, all black and under the age of 35 had extensive training opportunities on the Viper and Sales Force Systems. Price was being set up to fail.

15. On July 14, 2010 aprint out was sent to everyone and Price was the only one that did not meet goal. Price had previously been the employee with the highest numbers. Price could not perform at her previous level due to the lack of training on the new system which put her career at risk and would mean less compensation.

16. Further, Price was denied to take the admission advisor's certification. All the other admission advisors who were all less than 40 and black were allowed to take the admission advisor certification.

17. On or about October 21, 2009, and on or about June 18, 2010 and on or about August 4, 2010, Price filed a complaint against Sheila Kell, director/supervisor with

5

Human Resources of DeVry University. On July 1, 2010 Shelia Kell came into Price's office and told her that because of Price's complaint against her that she was no longer wanted at DeVry University. Kell terminated Price on August 20, 2010. Plaintiff was retaliated and terminated because she had reported the discriminatory acts to Human Resources.

18. During Price's employment with DeVry she had received certificates for going above and beyond the call of duty at work and for her dedication to delivering outstanding customer service; she was a multiple pride winner, a president's award receipent and a speaker at national meeting. At such time that Sheila Kell, director/supervisor was employed at DeVry, she began the harassment toward Price, and it was her goal to get rid of Price so that all the admission advisor employees would be black and less than 40 years of age. The young black employee admission advisor's salary was approximately one half of prices's salary.

19. Plaintiff avers that Defendant's actions in violation of federal and state law were a direct and proximate cause of Plaintiff's loss of past and future income, humiliation, embarassment, mental anguish, emotional pain and suffering, and loss of enjoyment of life, due to Defendant's pervasive creation and tolerance of a hostile, abusive and offensive and discriminatory work environment.

20. Plaintiff allegies that the behavior of Defendant constitutes the state pendent claims of discrimination.

## CAUSES OF ACTION

A. <u>Violation of Civil Rights</u>: Federal and State

21. The allegations set forth in Paragraphs 1 through 20 above are hereby

restated and incorporated herein by reference.

22. The acts and conduct of the Defendant violated the Age Discrimination Employment Act of 1967 (ADEA), and the Civil Rights Act of 1964, as amended, and 1991, 42 U.S.C. §2000 et. seq., for which they are liable to Price for damages and other relief. Defendant violated the Tennessee Human Rights act, T.C.A. Section 4-21-101 et. seq.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That proper process issue subjecting the Defendant to the jurisdiction of this Court requiring Defendant to answer Plaintiff's cause;

2. That, upon hearing of this cause, judgment be entered for Plaintiff against the Defendant for all damages due Plaintiff on account of Defendant's discrimination based upon age, race, hostile work environment, harassment and retaliation; that such practices by Defendant be declared unlawful; that the Defendant be found to have engaged in willful discrimination based on a violation of the Plaintiff's state and federal civil rights, and that Defendant be enjoined from further acts or practices of discrimination;

3. Specifically, that the Court grant Plaintiff judgment against the Defendant for compensatory damages of $800,000.00 (Eight Hundred Thousand Dollars) to Plaintiff and for her loss of earnings, deprivation of other benefits and entitlements, and all pecuniary loss, including back pay and front pay, suffered and sustained by Plaintiff as a result of the conduct of Defendant in this matter;

4. That the Court award Plaintiff such punitive or exemplary damages of no less than $500,000.00 (Five Hundred Thousand Dollars) as she may be entitled to in the premises;

5. That the Court grant Plaintiff judgment against Defendant for Plaintiff's attorney fees and costs of this casue of action, pre and post judgment interest; and

6. That the Court grant Plaintiff such other and further relief as the Court may deem just and proper in the premises.

PLAINTIFF DEMANDS TRIAL BY JURY OF THE ISSUES JOINED IN THIS CAUSE.

Respectfully submitted:

/s/ Kaye G. Burson
Kaye G. Burson (13179)
Attorney for Plaintiff
5180 Park Avenue,
Suite 120
Memphis, TN 38119
901-682-0667

STATE OF TENNESSEE )
                                  )ss
COUNTY OF SHELBY )

     I, the undersigned, Laura Gaynette Price, being first duly sworn, make oath that the statements and allegations contained in the foregoing Complaint for Discrimination are true and correct to the best of my knowledge, information and belief.

                                               /s/ Laura G. Price
                                             Laura G. Price

SWORN TO AND SUBSCRIBED before me this 24th day of January, 2012.

                                             _____
                                             Notary Public

My Commission Expires:

_____

9